## MITCHELL v. LANGDON and others.

*(District Court, N. D. Illinois. November 26, 1881.)*

1. COAL TRADE—USAGES OF THE PORT OF CHICAGO.
    The consignee of a cargo of coal is entitled by the usage of the port of Chicago, which this court will recognize, to a full day of 24 hours after the vessel reports, in which to furnish her with a dock and to begin unloading.

In Admiralty.

*W. H. Condon,* for libellant.

*C. E. Kremer,* for respondents.

BLODGETT, D. J., *(orally.)* This is a libel for demurrage in unreasonably delaying the unloading of the schooner Sam Cook in this port. The schooner Sam Cook, with a cargo of 564 tons of coal, consigned to respondents, Langdon, Richardson & Co., arrived in this port Saturday, October 23, 1880, and reported at consignees' dock at 9 o'clock in the morning. Consignees did not commence unloading until the morning of the 25th, and did not conclude unloading until 5 o'clock in the afternoon of the 28th. The proof shows that they could have unloaded the schooner, with the appliances in use on

their dock, in two days, so that she could have been unloaded on the evening of the 26th.

The important question which has been discussed in this case is as to whether there was unreasonable and undue delay in commencing the unloading of this cargo, as well as unreasonable delay afterwards. Much of the proof in the record relates to the usage of this port as to the time within which a vessel arriving here is entitled to be furnished with a dock, and to be unloaded.

The proof in the case shows that by the usage of this port, and especially in regard to vessels loaded with coal,—and the same rule is probably applicable to any other cargo,—a consignee is entitled to 24 hours, or a full day, from the time the vessel reports in which to furnish her with a dock and begin unloading. This seems, in view of the nature of the business, to be generally acquiesced in, and so reasonable that I think the court must hold this is a usage which binds the trade in this port. The time of the arrival of a sailing vessel (even if the consignee is advised of the time of her sailing) being dependent entirely upon the weather, the course of the wind, etc., is always uncertain to the extent of several days, and it cannot be expected that a consignee will keep a force of men all the time ready at once to unload the instant the vessel reports. He must have time to collect his men after the arrival of the vessel, and one day would seem to be only a reasonable time for doing this. He may also have other vessels at the dock in process of loading or unloading, and must have some time in which to dispatch them before accommodating the new arrival.

The evidence in this case shows that the vessel arrived and reported Saturday morning. The consignees were not obliged, by the usage of the port or by the law of the land, to commence unloading her on Sunday. Persons engaged in the unloading of vessels and receiving their cargoes have as good a right to rest on the Sabbath as any other class of laborers and business men, and certainly cannot be compelled to work against the law or their conscience on Sunday, and therefore they were not obliged to begin unloading until Monday morning. They did commence unloading Monday morning, but only unloaded from one hatch at a time. The vessel had two kinds of coal on board, but there was no bulk-head separating them. The consignees, for their own convenience, had the piles of different-sized coal so arranged on their dock that they were obliged, or found it more convenient, to unload only one-sized coal at a time, and when that was out they moved the vessel so as to bring one of the other

hatches opposite the pile corresponding to that left on board, and then unloaded the balance. This mode of unloading was evidently adopted without regard to the interests or rights of the vessel, and solely because it suited the purpose of the consignees. The vessel had the right, under the law and her charter, to quick dispatch, and this was not given her.

My conclusion, then, is that the consignees had the right to take 24 hours, excluding Sunday, in which to furnish a dock and begin un: loading, and as the Cook arrived Saturday morning, they were not obliged to begin unloading until Monday morning, so there is no ground for complaint against the respondents for not beginning to unload earlier than Monday morning. But I further find from the proof that there was an unreasonable delay of two days after the unloading commenced, for which the libellants should be compensated; and, from the proof in the case, I fix the rate of compensation at $60 a day. There will, therefore, be a decree in favor of the libellants for $120, and the costs of the case.